IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER PICKENS,

                    Plaintiff,                          OPINION AND ORDER

        v.                                              19-cv-494-wmc

CAPTAIN PITZEN, ADMINISTRATIVE
CAPTAIN SCHUTZ, and
DEPUTY WARDEN WEBBER,

                    Defendants.

*Pro se* plaintiff Christopher Pickens, who is currently incarcerated at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit against defendants, all Columbia Correctional Institution employees, for their failure to respond to his reports that another prisoner was threatening him with physical harm, in violation of his Eighth Amendment and state law rights.  Pickens has filed a motion for appointment of counsel (dkt. #16), and a motion seeking an extension to respond to defendants' answer and affirmative defenses (dkt. #24).  The court is denying both motions, but his motion for appointment of counsel will be denied without prejudice.

Starting with plaintiff's request for appointment of counsel, a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

Before a district court can consider such motions, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and that they were unsuccessful or that he was prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, a plaintiff must submit letters from at least three lawyers who he asked to represent him in this case and who turned him down, or, if such letters do not exist, an affidavit with the names, addresses and dates when he requested their assistance. Plaintiff has not submitted such letters; instead he represents that he has written to more than three different attorneys, none of whom have responded to him. This is insufficient evidence because plaintiff has not detailed when he wrote those letters or to whom they were directed. So he has not satisfied this threshold requirement. But even assuming he had met that requirement, plaintiff's filings do not suggest that the legal and factual difficulty of this case exceed his abilities, at least at this point.

Plaintiff represents that he needs an attorney to litigate this case because he lacks access to the materials he needs to litigate this case due to his incarceration. However, nearly all incarcerated *pro se* litigants face that same challenge. Furthermore, plaintiff has been able to adequately represent himself so far in this lawsuit, having adequately amended his complaint in response to the court's previous order that his original complaint did not satisfy the requirements of Federal Rules of Civil Procedure 8 and 20. Furthermore, this lawsuit is in its beginning stages, and plaintiff has not identified what particular aspects of this lawsuit are beyond his capabilities. This case currently is scheduled for a preliminary pretrial conference with Magistrate Judge Stephen Crocker, during which Judge Crocker

will provide some information about how this case will proceed and set the trial schedule. Afterwards, plaintiff will receive an order that memorializes that discussion, provides further details about trial mechanics, and attaches a packet that lays out this court's procedures in detail.  The court has no basis to infer that plaintiff is incapable of using these materials to help him litigate this case.  Accordingly, the court is denying this motion, but the denial will be without prejudice to plaintiff's ability to renew this motion at a later time in this lawsuit, provided that plaintiff meets the threshold requirement that he made reasonable efforts to obtain an attorney and describes in specific detail the necessary tasks he is unable to complete without the help of an attorney.

As for plaintiff's motion for an extension, plaintiff is asking the court to extend his time to respond to defendants' answer and affirmative defenses.  However, plaintiff is not required to respond to defendants' answer and affirmative defenses:  the purposes of the answer and affirmatives defenses are for defendant to respond to plaintiff's allegations in his amended complaint and provide notice to plaintiff of the affirmative defenses they intend develop during this lawsuit.  Indeed, absent a formal motion by defendants asking the court to enter judgment in their favor on any of their affirmative defenses, the court will not take action with respect to defendants' answer and affirmative defenses. Accordingly, plaintiff is not required to respond to that pleading, rendering his request for an extension unnecessary.

ORDER

IT IS ORDERED that:

1)  Plaintiff Christopher Pickens' motion for appointment of counsel (dkt. #16) is

     DENIED without prejudice.

2)  Plaintiff's motion for extension to reply to defendants' answer and affirmative

     defenses (dkt. #24) is DENIED as unnecessary.

Entered this 22nd day of November, 2021.

                                                BY THE COURT:

                                                /s/
                                                _____
                                                WILLIAM M. CONLEY
                                                District Judge